UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOONTHAI DOUANGDALA,<br><br>                    Petitioner,<br>    v.<br><br>PAMELA BONDI et al.,<br><br>                    Respondent. | CASE NO. 2:26-cv-00963-DGE<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 7) |

On March 20, 2026, Petitioner Soonthai Douangdala filed a petition for writ of habeas corpus (Dkt. No. 1) and a simultaneous motion for temporary restraining order ("TRO") (Dkt. No. 2). The Court issued its standard scheduling order for habeas petitioners (Dkt. No. 3) pursuant to General Order 10-25 found at

https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf.[1] The Honorable Judge S. Lauren King denied

---

[1] General Order 10-25 was entered on December 18, 2025 after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 7) - 1

Petitioner's motion for TRO as moot given the scheduling order requiring Respondents to provide at least 48 hours' notice to Petitioner prior to any attempted transfer or removal. (Dkt. No. 4.) Judge King clarified that "Respondents shall not remove or transfer Petitioner without providing the required advance notice and *filing such notice on the docket*." (*Id.*) (emphasis added).

On March 21, 2026, Respondents served on Petitioner a Notice of Imminent Removal. (Dkt. Nos. 7 at 1; 7-1). However, Petitioner did not file a second motion for TRO until March 23, 2026. (Dkt. No. 7.)

The Court reaffirms Judge King's prior order. Because Respondents have not filed a notice of intent to remove on the docket, Respondents SHALL NOT move or transfer Petitioner from the Western District of Washington or remove him from the United States without first complying with Judge King's order. (*See* Dkt. No. 4.)

In addition, Petitioner argues that Respondents re-detained him in violation of due process and questions whether Respondents are in possession of a valid travel document. The Court will retain jurisdiction of Petitioner pending full briefing of the motion for TRO. The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court ORDERS as follows:

1. Petitioner's motion for temporary restraining order (Dkt. No. 7) is provisionally GRANTED pending Respondents' response to the motion. This grant is solely

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 7) - 2

for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents.  Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties cannot agree on a briefing schedule, Respondents' response brief is due by 12:00 p.m. on Wednesday, March 25, 2026.  Petitioner's traverse is due by 12:00 p.m. on Thursday, March 26, 2026.  If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO.

Dated this 23rd day of March, 2026 at 6:05 p.m.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 7) - 3