UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOONTHAI DOUANGDALA,

Petitioner,

v.

PAMELA BONDI et al.,

Respondents.

CASE NO. 2:26-cv-00963-DGE

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 24)

Before the Court is Petitioner's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 24.) Respondents filed an opposition. (Dkt. No. 25.) As discussed in more detail below, Petitioner's motion is GRANTED in part and DENIED in part. Furthermore, the fee award is STAYED pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223.

## I LEGAL STANDARD

The Court assumes familiarity with the underlying facts of this case. Under the EAJA, the Court must award attorney fees to the prevailing party in an action such as this unless it finds

the government's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

## II DISCUSSION

### A. Availability of EAJA Fees

As an initial matter, Respondents argue that the EAJA's limited waiver of sovereign immunity does not authorize attorney fees in habeas proceedings challenging immigration detention. (Dkt. No. 25 at 2.) The Court finds persuasive the several courts in this Circuit that have rejected these arguments. *See, e.g.*, *Morales Jimenez v. Bostock*, Case No. 3:25-cv-00570-MTK, 2026 WL 1893763, at *2 (D. Or. July 1, 2026); *N.A.L.C. v. Wofford*, Case No. 1:25-cv-01917-KES-CDB (HC), 2026 WL 1724739, at *2 (E.D. Cal. June 15, 2026); *Doe v. Chestnut*, Case No. 1:25-cv-01372-CDB (HC), 2026 WL 1459808, at *2 (E.D. Cal. May 25, 2026). The Court adopts the reasoning from *Morales Jiminez*, 2026 WL 1893763, at *2, and concludes the EAJA's waiver of sovereign immunity applies for purposes of attorney fees.

### B. Petitioner is the Prevailing Party and Respondents' Position was Not Substantially Justified

Because the Court granted Petitioner's petition for writ of habeas corpus and ordered him released from custody, Petitioner is a prevailing party. (Dkt. No. 21 at 12.); *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citations omitted) (holding a litigant is a prevailing party if they both (1) achieve a material alteration in the legal relationship of the parties; and (2) the alteration is judicially sanctioned); *Buckhannon Bd. & Care Home Inc. v. W.V. Dep't of Health*

*& Human Res.*, 532 U.S. 598, 603 (2001) (holding a prevailing party is one who was awarded at least some relief by the court). Furthermore, the Court found that (1) Respondents could not remove Petitioner to Laos because they had not reopened Petitioner's removal proceedings to provide him an opportunity to present a full claim for relief and (2) Respondents did not meet their burden to rebut Petitioner's showing that there was no significant likelihood of removal in the reasonably foreseeable future. (Dkt. No. 21 at 9, 11–12.) Such findings indicate Respondents' position was not substantially justified. Furthermore, "[i]t is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Because Respondents do not dispute that Petitioner is a prevailing party (Dkt. No. 25 at 2), they have made no showing that their position was substantially justified, and nothing in the record suggests "special circumstances" that would "make an award unjust." Petitioner is therefore entitled to attorney fees.[1]

**C. The Court Declines to Award a Market-Rate Enhancement**

Petitioner is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hourly rates are reasonable where they are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The fee applicant bears the burden of proving reasonableness. 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461

[1] Because Petitioner is entitled to fees under the EAJA, the Court does not address his arguments that fees would also be warranted as a sanction for bad-faith litigation conduct. (*See* Dkt. No. 24 at 12.)

U.S.at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

Petitioner applies for an award of $31,435.00 in attorney and paralegal fees.[2] (Dkt. Nos. 24 at 12; 24-2 at 3.) This accounts for compensation for the time Petitioner's attorneys, Kelly Vomacka, Matthew Grow, and Michael Purcell, spent on this matter, totaling 49.6 hours of attorney work. (*Id.*) Ms. Vomacka and Mr. Purcell request an hourly rate of $650, while Mr. Grow requests an hourly rate of $500. (Dkt. No. 24-2 at 3) Thus, each of the attorney's hourly rates exceed the statutory maximum hourly rate of $258.46 under the EAJA. (*Id.*); *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited August 11, 2026).

Ms. Vomacka states she possesses distinctive knowledge and specialized skill in immigration law "including the details of removal; in constitutional law; and in bringing a federal habeas petition" which were not available elsewhere at the statutory rate. (Dkt. No. 24 at 9, 11.) Accordingly, she argues an enhanced hourly rate of $650 is proper.

Courts may award enhanced hourly rates under the EAJA where "the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citations omitted). The Ninth Circuit has held that immigration law expertise, on its own, does not justify an award of enhanced hourly rates "without a showing that the attorney[] possess[es] distinctive knowledge or specialized skill necessary to [the] litigation[.]" *Id.* at 913

[2] Petitioner's motion for attorney fees seeks compensation for 51.5 hours of attorney and paralegal work; however, the time entries attached to the motion request 54 hours. (*Compare* Dkt. No. 24 at 12 *with* Dkt. No. 24-1 at 1–3.) The attached time entries include an additional 2.5 hours of work from Mr. Purcell, which the Court will include in its calculations.

(citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (citation omitted) ("'We decline to adopt counsel's proposed *per se* rule that 'the practice of immigration law should be classified as a specialty similar to practicing patent law.'")). "However, enhanced rates have been awarded in immigration cases where counsel established that 'knowledge of foreign cultures or of particular esoteric nooks and crannies of immigration law . . . [was] needed to give the [noncitizen] a fair shot at prevailing.'" *Cath. Soc. Servs., Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1073 (E.D. Cal. 2011) (quoting *Thangaraja*, 428 F.3d at 876). Petitioner bears the burden of proving these requirements. *Anh Tuyet Thai v. Saul*, Case No. 18-cv-2647-JAH-RBM, 2020 WL 4697971, at *2 (S.D. Cal. Aug. 13, 2020) (citing *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005)).

The Court concludes Petitioner has not met his burden to show Ms. Vomacka is entitled to an enhanced rate. Ms. Vomacka has been practicing as an attorney since 1990, and joined her immigration firm, Gibbs Houston Pauw, in October 2024. (Dkt. No. 24-2 at 1.) She declares she has litigated 19 habeas corpus petitions and acted as local counsel for 13 *pro hac vice* attorneys since January 2025. (*Id.*) Ms. Vomacka presented at the American Immigration Lawyers Association Northwest Annual Conference on the topic of habeas corpus petitions in October 2025 and has "informally assisted [her] coworkers and some of the *pro hac vice* attorneys in their habeas corpus cases." (*Id.*)

Though the Court does not question Ms. Vomacka's credentials and specialized knowledge in the field of immigration broadly speaking, the Ninth Circuit has made it clear that to award an enhanced rate, the requesting party must show the attorney "possess[es] distinctive knowledge or specialized skill necessary to *this* litigation[.]" *Nadarajah*, 569 F.3d at 913 (emphasis added). Aside from describing her representative experience generally, Ms. Vomacka

has not explained *how* her skills or knowledge made her uniquely positioned to handle the facts of Petitioner's particular case. Further, this case is one of dozens of habeas petitions in this district and in the Ninth Circuit challenging prolonged detention under *Zadvydas* or Respondents' ability to remove petitioners to third countries absent an opportunity to be heard. *See, e.g.*, *Le v. Bondi*, 824 F. Supp. 3d 1112, 1120 (W.D. Wash. 2026) ("Le has now been detained for over six months, ICE has not gathered the information it needs to complete a travel document request, and Vietnam has not begun its process for determining whether to issue the travel document necessary to effectuate Le's removal."); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025); *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1010 (W.D. Wash. 2019) ("ICE's attempt to remove Petitioner to Somalia without notice, much less an opportunity to be heard, violated petitioner's due process rights."); *A.A.M. v. Andrews*, Case No. 1:25-cv-01514-DC-DMC, 2025 WL 3485219, at *11 (E.D. Cal. Dec. 4, 2025) ("Due process requires that Petitioner receive a full and fair hearing of his fear-based claim in front of a neutral adjudicator."); *Baltodano v. Bondi*, Case No. 2:25-cv-01958-RSL, 2025 WL 2987766, at *3–4 (W.D. Wash. Oct. 23, 2025); *Y.T.D. v. Andrews*, Case No. 1:25-cv-01100-JLT-SKO, 2025 WL 2675760, at *11 (E.D. Cal. Sep. 18, 2025). Though every habeas matter is unique in some way, without an explanation of how Ms. Vomacka's specialized skill was necessary to this case, the Court cannot say Ms. Vomacka brought experience to this litigation that is not present in other similar habeas matters such that Ms. Vomacka is entitled to an enhanced rate. *Contra Rahman v. Bondi*, Case No. 2:24-cv-02132-JHC-TLF, 2026 WL 323046, at *4 (W.D. Wash. Feb. 6, 2026) (quoting *Nadarajah*, 569 F.3d at 914) (upholding enhanced rate "in an immigration matter that 'involved more than established principles of law with which the majority of attorneys are familiar[]'" and

citing to various declarations from the petitioner's counsel explaining the issue was one of first impression).

Additionally, Ms. Vomacka declares that neither her nor her firm would have taken the case for the EAJA statutory rate, and she is not aware of any other lawyer who would have taken the case for such a rate. (Dkt. No. 24-2 at 3.) Though "no one expects the plaintiffs to conduct statistical surveys," *Rahman*, 2026 WL 323046, at *4 (citation, quotation marks, and alterations omitted), Ms. Vomacka has not provided enough information to show the unavailability of counsel at a lower rate within the relevant legal market. Her own requested rate has no bearing on whether other counsel could have been available to Petitioner at the statutory rate elsewhere. *Cf. Hassine v. Johnson*, 53 F. Supp. 3d 1297, 1307 (E.D. Cal. 2014) (citations omitted) (explaining that the rate requested must be calculated in line with the prevailing market rate for similar legal services in the relevant legal community, defined as the forum district). Ms. Vomacka's lone statement that she was "not aware" of any other attorney who would have represented Petitioner at the statutory rate is insufficient.[3] (Dkt. No. 24-2 at 3.)

**D. Reasonableness of Hours**

Petitioner's attorneys request attorney fees for 49.6 attorney hours and 4.4 paralegal hours worked in this action. (Dkt. No. 24 at 12; *see* n.2 *supra*.)

[3] Petitioner further does not adequately justify Mr. Grow's rate. Ms. Vomacka attests that although Mr. Grow is no longer with the firm and she is "unable to confirm his particular experience," he is entitled to an enhanced hourly rate of $500 because, although he "had not previously done a habeas case before this one," "he [brought] many years of immigration practice to the case." (*Id.* at 10.) However, Petitioner provides no argument regarding Mr. Grow's distinctive knowledge and skills, whether they were needed in the litigation, and whether they were unavailable elsewhere at the statutory rate, as is required by § 2412(d)(2)(A). Similarly, Petitioner fails to justify Mr. Purcell's enhanced rate.

The party seeking fees must submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved[.]" *Hensley,* 461 U.S. at 431 (citation omitted). Courts apply the "lodestar" method to determine what constitutes a reasonable attorney fee in civil rights cases. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley*, 461 U.S. at 433). To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, 690 F.3d at 1136 (cleaned up). However, time spent on work that is "excessive, redundant, or otherwise unnecessary" is not compensable. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Respondents argue Petitioner's billing records rely on large time-block entries which do not permit the Court to determine how the claimed time was actually spent. (Dkt. No. 25 at 8.) For example, they point to a multi-hour time entries for "Prepared for argument. Email exchange with family[,]" or "Legal research re EAJA[,]" which they argue do not allow the Court to determine whether the time was reasonably expended on substantive work. (*Id.*) In the reply brief, Ms. Vomacka provides further detail regarding the large time blocks at issue, thus dispelling the Court's concerns over these seemingly vague time entries. (*See* Dkt. No. 28 at 5–7.)

However, it appears Ms. Vomacka and Mr. Grow included various clerical tasks on their itemized statement. "[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10

(1989). "For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA." *Garcia v. Colvin*, Case No. No. 1:11–cv–01965–SKO, 2013 WL 5347494, at *7 (E.D. Cal. Sept. 23, 2013). The Court finds there are certain tasks that are either clerical in nature or the billing description is insufficient to determine whether they are clerical tasks or otherwise reasonable, and reduces them by 10 percent as follows:

| **Date** | **Time Spent** | **Description** | **Hours Reduced To** |
|---|---|---|---|
| March 20, 2026 | 4.8 hours | Tried to get documents from ICE. Researched, drafted, filed, and served habeas petition along with emergency TRO. TRO denied. Communicate with client's family. | 4.32 hours |
| April 2, 2026 | 0.4 hours | Finalizing and filing Notice of Appearance; talking with client | 0.36 hours |
| March 30, 2026 | 2.5 hours | Discussed habeas with MG, reviewed petition and TRO, drafted Verification and CCS, filed all, cause number 2:26-cv-00963. TRO denied by J. King, | 2.25 hours |

| | | | |
|---|---|---|---|
| | | scheduling order issued. Various communications with MG. | |
| March 23, 2026 | 0.4 hours | Reviewed second TRO and order, filed, order to chambers, called clerk. TRO granted provisionally. Email to MG. | 0.36 hours |
| March 25, 2026 | 0.1 hours | Signed stipulated briefing schedule for TRO and filed. | 0.09 hours |
| April 2, 2026 | 0.4 hours | Consulted with MG, drafted and filed Notice of Withdrawal | 0.36 hours |
| April 20, 2026 | 0.9 hours | Email exchange with court. Hearing set over to 4/23 1:30p. Drafted and filed notice of withdrawal and appearance. Phone call with client. Attempted 3rd country screening, set over. Arranged for AB to get G-28 signed by client. | .81 hours |
| July 23, 2026 | 3 hours | Email exchange and phone call Michael Purcell. Drafted | 2.7 hours |

| | | | |
|---|---|---|---|
| | | materials for him. Got Matt Grow resume. Finished and filed EAJA motion. | |

(Dkt. No. 24-1.)

Therefore, Petitioner is entitled to $13,131.31 in attorney fees, comprising of 46.55hours in attorney work and 4.4 hours of paralegal work at the EAJA standardized rate.

**E. Respondent's Request to Stay**

Respondents argue that the Court should stay enforcement of any fee award pending the Supreme Court's decision in Palacios *v. Liggins*, Case No. 25-1223. The question presented in *Palacios* is whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. Thus, Respondents seek to hold Petitioner's fee award in abeyance until after the Supreme Court's decision.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the

issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–864.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Respondents argue that *Palacios* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios*, No. 25-1223. Petitioner contends the law remains unchanged, and any change in practice would be premature. (Dkt. No. 28 at 3.) "In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014). Here, the Court agrees with Respondents that a decision in *Palacios* is likely to save significant judicial resources, as it could provide guidance on the availability of attorney fees under the EAJA. On balance, the Court finds that it would be in the interest of judicial economy to hold the award of fees in abeyance pending the decision in *Palacios v. Liggins.*

## II ORDER

Petitioner's motion for fees brought under the EAJA (Dkt. No. 24) is GRANTED in part and DENIED in part. It is ORDERED that:

1. An amount of **$13,131.31** SHALL be awarded to Petitioner pursuant to the EAJA, but enforcement of the award is STAYED pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223.
2. The Parties are DIRECTED to file a joint status report within fourteen (14) days after the Supreme Court issues its opinion in *Palacios*.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of August, 2026.

David G. Estudillo
United States District Judge